■ In the Matter of ZITA KOTOFF, Petitioner, v RUBEN FRANCO et al., Respondents. [636 NYS2d 318] —Determination of respondent New York City Housing Authority dated March 9, 1994, striking that portion of the administrative Hearing Officer's disposition which would automatically have converted petitioner's penalty to probation in the event that petitioner submitted evidence, within thirty days of the entry of the disposition, demonstrating the absence of her emancipated son from the subject apartment, and terminating petitioner's tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol Huff, J.], entered October 19, 1994), is dismissed, without costs.

There was substantial evidence to support the finding that petitioner's breach of the Housing Authority Rules and Regulations, in allowing her emancipated son to remain as an unauthorized occupant in her apartment, was chronic, and that she repeatedly refused to cure this violation. Upon a finding of chronic breach of the Rules and Regulations, the tenant was not entitled to a further opportunity to cure under respondent Authority's Termination of Tenancy Procedures. Nor was respondent Authority required to authorize occupancy for a person who, according to petitioner's own testimony, was an admitted heroin abuser and posed a threat to the health, safety and welfare of other tenants. This case is to be distinguished from those in which the Authority has sought to terminate

tenancies based upon alleged "non-desirable" acts of third parties who are not tenants of record (*see, e.g., Matter of Brown v Popolizio*, 166 AD2d 44). In the present context, we find petitioner's due process arguments to be without legal merit and, in any event, factually unsupported by the record. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.