OPINION OF THE COURT
 

 Levine, J.
 

 Petitioner appeals from an Appellate Division order that confirmed respondent’s determination terminating her tenancy in a New York City public housing project, denied her petition to annul that determination and dismissed this CPLR article 78 proceeding. The only issue before us is the validity of the termination sanction for tenant non-desirability and breach of tenant rules and regulations.
 

 Petitioner Phyllis Featherstone is a tenant in a low-income housing project of respondent New York City Housing Authority. In 1994, the Authority sought to terminate petitioner’s tenancy for breach and chronic breach of the Authority’s no-pet rules because she persisted in keeping a dog in her apartment, and for non-desirability on the basis of her teenage son’s violent behavior.
 

 At the administrative hearing, the Authority introduced evidence establishing that petitioner violated its no-pet rules by keeping a dog in her apartment. In addition, she falsely informed the Authority that she had gotten rid of the dog, which she continued to keep in her apartment until March 1995, finally placing it with a family friend. The Authority also called a police officer who testified that he responded to a call concerning a family dispute at petitioner’s apartment in August
 
 *553
 
 1993. At that time, petitioner informed the officer that her son, Jamar, had threatened her with a knife and stabbed her dog.
 

 The evidence further established that petitioner had obtained an order of protection against her son and that the August 1993 incident resulted in his conviction for harassment in the second degree, criminal possession of a weapon and menacing. Jamar was sentenced to a conditional discharge, but then resentenced to nine months imprisonment after he violated the terms of his initial sentence. Moreover, petitioner admitted on cross-examination that she had called the police about her son on at least one prior occasion, that she filed a petition to have him adjudicated a Person in Need of Supervision and that he previously had been arrested for possession of a gun.
 

 The Hearing Officer rejected petitioner’s differing account of the August 1993 incident as not credible and found that her son represented a “potential danger to the safety of others in the [housing] project community.” Because petitioner “refused a possible mitigated sanction predicated upon [her 18 year old son’s] * * * permanent exclusion [from the apartment],” the Hearing Officer recommended that petitioner’s tenancy be terminated. The Hearing Officer also concluded that this recommended disposition rendered moot the sanction to be imposed for petitioner’s breach of the Authority’s no-pet rules. Thereafter, the Authority determined that petitioner was ineligible for continued occupancy and terminated her tenancy.
 

 Petitioner commenced this CPLR article 78 proceeding to challenge the Authority’s termination of her tenancy. The Appellate Division confirmed that determination, denied the petition and dismissed the proceeding, with one Justice dissenting. The Court concluded that the Authority’s “termination of petitioner’s tenancy on the ground that her teenaged son, through his pattern of violent conduct, endangered the safety of others is not a penalty that shocks our sense of fairness” (269 AD2d 109, 110).
 

 Relying on
 
 Matter of Cheek v Christian
 
 (67 AD2d 887) and a line of Appellate Division decisions following it, the dissenting Justice would have remanded the matter to the Authority for reconsideration of the penalty imposed in light of circumstances arising after the Authority issued its final determination.
 
 Matter of Cheek
 
 held that the Appellate Division has the discretionary authority to consider evidence submitted in support of the article 78 petition indicating a change in circumstances arising after the agency’s final determination, and then to annul the
 
 *554
 
 sanction or penalty and remit the matter to the agency for reconsideration in light of those new circumstances. The Appellate Division granted petitioner leave to appeal upon the certified question of whether its order was properly made. Agreeing with the Appellate Division majority, we now affirm.
 

 Judicial review of the acts of an administrative agency under article 78 is limited to questions expressly identified by statute
 
 (see,
 
 CPLR 7803). Insofar as applicable here, judicial review is limited to the question whether “the measure or mode of penalty or discipline imposed” constitutes an “abuse of discretion” (CPLR 7803 [3]). Although this Court’s power to review administrative sanctions has always been limited to questions of law, the scope of judicial review conferred upon the Appellate Division by CPLR 7803 (3) was “unclear initially”
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 232). As the
 
 Pell
 
 Court noted, the question concerning the scope of review at the Appellate Division was whether the statute “called for a review as broad as that which the Appellate Division would have conducted of a determination at Special Term, or limited review to such abuses of discretion as were tantamount to a true question of law”
 
 (id.).
 
 It is now well settled that the Appellate Division is subject to the same limited scope of review that is applicable to this Court’s review of administrative sanctions: the sanction must be upheld unless it shocks the judicial conscience and, therefore, constitutes an abuse of discretion as a matter of law
 
 (see, Matter of Pell v Board of Educ., supra,
 
 34 NY2d, at 232-234;
 
 see also, Matter of Paterno v Curiale,
 
 88 NY2d 328, 336).
 

 Thus, contrary to the position urged by petitioner here and adopted by the dissenting Justice in the Court below, the Appellate Division lacks any discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed by the Authority. Annulment and remittal to the Authority for reconsideration of the sanction would be appropriate only if the penalty violated the rigorous
 
 Pell
 
 standard. Moreover, for a court to consider evidentiary submissions as to circumstances after the Authority made its determination would violate another fundamental tenet of CPLR article 78 review — namely, that “[¡Judicial review of administrative determinations is confined to the ‘facts and record adduced before the agency’ ”
 
 (Matter of Yarbough v Franco,
 
 95 NY2d 342, 347 [quoting
 
 Matter of Fanelli v New York City Conciliation & Appeals Bd.,
 
 90 AD2d 756, 757,
 
 affd for reasons stated below
 
 58 NY2d 952];
 
 see also, Matter of Levine v New York State Liq. Auth.,
 
 23 NY2d
 
 *555
 
 863, 864). To the extent
 
 Matter of Cheek
 
 (67 AD2d 887,
 
 supra)
 
 and its progeny are inconsistent with these principles, they are not to be followed.
 

 In this case, the administrative record contains substantial evidence establishing that petitioner’s son was violent and represented a potential danger to the safety of other residents in the housing project. In light of the serious threat posed by petitioner’s son, as well as petitioner’s refusal to commit herself to exclude him from the apartment, we agree with the majority at the Appellate Division that the Authority did not abuse its discretion as a matter of law in terminating petitioner’s tenancy. Under all of the circumstances presented in the record before the administrative agency, we cannot say this sanction was so disproportionate to the offense as to be shocking to one’s sense of fairness.
 

 Petitioner’s remaining contentions are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs. The certified question should not be answered upon the ground that it is unnecessary.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, without costs.