■ WANDA MONTANEZ, Appellant, v RUBEN FRANCO, as Chair of the New York City Housing Authority, Respondent. [722 NYS2d 548] —Determination of respondent City Housing Authority, dated October 21, 1998, terminating petitioner's public housing tenancy on the ground of nondesirability, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered November 30, 1999), dismissed, without costs.

The finding of nondesirability is supported by substantial evidence, namely, the past admitted drug selling by petitioner and her "common law" husband in the lobby of their building resulting in their multiple arrests, and the past admitted drug use by petitioner and members of her household in their apart-

ment (*see, Matter of Walker v Franco*, 275 AD2d 627; *Matter of Woody v Franco*, 260 AD2d 186, *lv denied* 94 NY2d 754). The absence of evidence of current drug trafficking or use by petitioner and members of her household does not automatically render credible their testimony as to their rehabilitation, and respondent was free to reject it (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). While petitioner's rehabilitation may have been successful, it remains that, as of the time of the hearing (*see, Matter of Featherstone v Franco*, 95 NY2d 550, 554-555), she had not completed the drug rehabilitation program and the criminal charges against her were still pending. As for petitioner's husband, he had never been in any drug rehabilitation programs and he remained unemployed. Nor does the penalty of termination shock our sense of fairness (*see, id.*, at 554). This is not a case of an innocent tenant being penalized for the actions of a family member or for a single isolated instance of indiscretion over an extended tenancy. We have considered petitioner's other contentions and find them unavailing. Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.