■ In the Matter of DARREN COOK, Petitioner, v THOMAS VON ESSEN, as Fire Commissioner of the City of New York, Respondent. [724 NYS2d 841] —Determination of respondent Commissioner of the New York City Fire Department, dated March 6, 2000, which terminated petitioner's employment as a firefighter upon findings, after a hearing, that petitioner, in violation of departmental rules and regulations, operated a pool maintenance business for three years without Department approval and worked at such business while on medical leave, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marcy Friedman, J.], entered September 11, 2000) dismissed, without costs.

Substantial evidence supports respondent's findings that petitioner violated Department rules and regulations by engaging in extra-departmental employment while on medical leave on four separate dates, and that he operated an outside pool maintenance business for three years without seeking the nec-

essary departmental approval. There is no basis upon which we can interfere with the determination to terminate petitioner from his employment with the City (see, *Matter of Kelly v Safir*, 96 NY2d 32; *Matter of Featherstone v Franco*, 95 NY2d 550), notwithstanding, *inter alia*, petitioner's unblemished record during his 13 years as a firefighter, where the Administrative Law Judge found that petitioner concealed his outside pool business from the Department and then, at the disciplinary hearing, continued his attempt at concealment by advancing the less than creditworthy claim that his pool services were rendered free of charge. In support of the penalty imposed, the Administrative Law Judge also appropriately observed that it is a gross abuse of public trust for uniformed workers to engage in unauthorized employment while on medical leave. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.