(June 18, 2002)

■ In the Matter of TROY JACKSON, Respondent, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Appellants. [743 NYS2d 493] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered April 27, 2001, which granted the petition pursuant to CPLR article 78 to the extent of vacating that part of respondents' determination, dated October 28, 2000, dismissing petitioner from his position as a New York City police officer and remanding the matter to the Police Commissioner for imposition of a lesser penalty, unanimously reversed, on the law, without costs, the petition denied in its entirety, and respondents' determination reinstated and confirmed.

Judicial review of an administrative penalty is limited to examining whether the penalty imposed constitutes an abuse of discretion as a matter of law (*Matter of Featherstone v Franco*, 95 NY2d 550, 554). An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Kelly v Safir*, 96 NY2d 32, 38). A determination to dismiss a police officer is particularly entitled to great leeway because it is the Commissioner, and not the judiciary, who is accountable to the public for the integrity of the Department (*see, Trotta v Ward*, 77 NY2d 827, 828; *Matter of Berenhaus v Ward*, 70 NY2d 436, 445).

The penalty of dismissal from the police force was not disproportionate to petitioner's offense of engaging in consensual sex with a prostitute in a bathroom at the District Attorney's office while he was on duty (*see, Matter of McDonald v Safir*, 254 AD2d 234, *lv denied* 92 NY2d 819; *Matter of Malave v Safir*, 270 AD2d 72; *Matter of DiGiovanni v Safir*, 277 AD2d 36). The conclusion that petitioner "gravely compromised his integrity and the integrity of the Department" provides a sound basis for the dismissal, notwithstanding petitioner's previously unblemished record. Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.