■ In the Matter of KENNETH G. HODOSY, JR., Petitioner, v BOARD OF TRUSTEES OF ROSWELL P. FLOWER MEMORIAL LIBRARY, Respondent. [773 NYS2d 316]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, entered August 25, 2003 in Jefferson County [Hugh A. Gilbert, J.]) to review a determination of respondent. The determination found petitioner guilty of various specifications of incompetence and misconduct and dismissed him from his position.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination finding him guilty of seven specifications of incompetence and misconduct following a hearing held pursuant to Civil Service Law § 75 and dismissing him from his position as director of the Roswell P. Flower Memorial Library. Contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The evidence at the hearing establishes that petitioner did not comply with, inter alia, respondent's requests to draft or propose a short- or long-term plan for the library and prepare a budget, nor did he conduct the requested staff evaluations. Because the two members of respondent Board of Trustees who testified at the hearing held pursuant to Civil Service Law § 75 absented themselves from respondent's deliberations following the hearing, we reject the contention of petitioner that respondent had predetermined his guilt. Further, petitioner's dismissal was not an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.