■ In the Matter of PETER PARLA, Petitioner, v JAMESTOWN BOARD OF PUBLIC UTILITIES, Respondent. [793 NYS2d 854]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Chautauqua County [Stephen W. Cass, A.J.], entered November 23, 2004) to annul a determination of respondent. The determination discharged petitioner from his employment upon the ground of misconduct.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul a determination following a hearing held pursuant to Civil Service Law § 75 that he engaged in misconduct and upholding his dismissal from employment with respondent. Contrary to petitioner's contention, respondent was required to prove that petitioner engaged in misconduct (*see* § 75 [2]), but not necessarily the specific misconduct of a criminal conspiracy to defraud. Upon our review of the evidence, we conclude that there is substantial evidence

in the record to support the determination that petitioner was guilty of misconduct (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Hodosy v Board of Trustees of Roswell P. Flower Mem. Lib.*, 5 AD3d 982 [2004], *lv denied* 2 NY3d 708 [2004]; *Matter of D'Aurizio v Greece Cent. School Dist.*, 229 AD2d 987 [1996]). Petitioner admitted at the hearing that he provided the owner of a pharmacy with people's names and social security numbers in return for cash payments. The pharmacy owner was eventually convicted of health care fraud, money laundering, and wire fraud. He used the names and social security numbers provided by petitioner and others to submit claims to respondent, which is self-insured, for prescriptions that were never received by the people whose names were used. An employee of respondent testified that petitioner told him that he solicited the names during work hours. A special agent with the Federal Bureau of Investigation (FBI) testified that petitioner told him that he observed the pharmacy owner falsifying prescriptions into his computer. Although at the hearing petitioner denied both of those statements and claimed that he did not think the pharmacy owner was doing anything illegal, his actions showed otherwise. Petitioner deposited the money from the pharmacy owner into two bank accounts that petitioner's fiancée opened for him rather than depositing the money into his account at respondent's credit union. In addition, petitioner did not claim any of the money he received from the pharmacy owner as income on his federal tax return until after the FBI began its investigation. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.