■ In the Matter of MARC CLANCY, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [835 NYS2d 556]—

Determination of respondent Housing Authority, dated October 6, 2005, after a hearing, dismissing petitioner from his position as a caretaker upon findings that he had threatened and used abusive language toward a supervisor and made a false statement to the police, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William A. Wetzel, J.], entered May 10, 2006) dismissed, without costs.

The finding that petitioner threatened to "hurt" his supervisor and the Brooklyn Borough Director because the supervisor had placed a disciplinary infraction memo in his personnel file was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). This included testimony by another New York City Housing Authority (NYCHA) supervisor to whom petitioner related the threats over a cell phone, and by the corroborating testimony of petitioner's immediate supervisor who observed him in a rage and repeating in part his threats, as well as displaying violent conduct by punching a hole in a door. There was also substantial evidence supporting the charge that on an earlier date, petitioner had used abusive language to his supervisor and made a false police report. This misconduct was in violation of NYCHA's Standard Procedure and Personnel Rules and Regulations.

No basis exists to disturb the hearing officer's findings of credibility (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Furthermore, the disciplinary penalty imposed was not so disproportionate to the misconduct as to be shocking to one's sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]). Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ.