■ In the Matter of GLADYS MALDONADO, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [880 NYS2d 487]—

Determination of respondent New York City Housing Authority, dated June 27, 2007, terminating petitioner's public housing tenancy on the grounds of nondesirability and breach of respondent's rules and regulations, unanimously confirmed, the

petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Paul G. Feinman, J.], entered on or about June 18, 2008), dismissed, without costs.

The finding that petitioner sold prescription drugs near the housing development is supported by substantial evidence, in particular, the testimony of a police officer that he observed petitioner doing so. No basis exists to disturb the Hearing Officer's findings of credibility (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). It is of no moment that the offense occurred off the premises (*see* 42 USC § 1437f [d] [1] [B] [iii]; 24 CFR 966.4 [f] [12] [i] [B]); nor does it avail petitioner that the District Attorney decided not to go forward with the charges (*see Matter of Bell v New York City Hous. Auth.*, 49 AD3d 284, 285 [2008]). The termination of petitioner's tenancy does not shock our sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 555 [2000]), especially where petitioner left a profoundly disabled daughter alone in the building hallway for extended periods of time, threatened to have the arresting officer killed and was observed by a police officer selling the drugs even while a hearing was in progress on pending charges against her of nondesirability and breach of the lease, resulting in an amendment of the charges and enlargement of the hearing to include the unlawful sale of drugs. There is no basis in the record for petitioner's contention that the Hearing Officer failed to consider mitigating evidence. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.