■ In the Matter of APRIL SPENCER, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [917 NYS2d 176]—

Determination of respondent New York City Housing Authority (NYCHA), dated July 22, 2009, which terminated petitioner's tenancy upon findings of nondesirability and breach of its rules and regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered January 28, 2010), dismissed, without costs.

Termination of petitioner's tenancy is not shocking to one's sense of fairness (*see generally Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). The record shows that the conduct of petitioner and her adult son towards her upstairs neighbor, which included banging on the neighbor's floor from below, playing loud music, threatening to injure the neighbor, summoning the police to the neighbor's apartment on numerous occasions, and filing a lawsuit against the neighbor, threatened the health, safety and welfare of the neighbor (*see Matter of Zeigler v New York City Hous. Auth.*, 35 AD3d 624 [2006]; *Matter of Alvarez v Hernandez-Pinero*, 211 AD2d 466 [1995]). Such conduct persisted even after multiple efforts by NYCHA to mediate the problem and notice to petitioner that continuance of such conduct would result in the termination of her tenancy.

When NYCHA determined the penalty, it did not improperly consider evidence of petitioner's conduct in a prior dispute with the prior tenants of the upstairs apartment. The hearing offi-

---

cer's decision indicates that she considered petitioner's conduct against the current neighbor in deciding the proper penalty.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson and Manzanet-Daniels, JJ.