■ In the Matter of THERESA LEMMITT, Petitioner, v RICARDO MORALES, Respondent. [941 NYS2d 149]—

Determination of respondent, dated September 3, 2008, which terminated petitioner's tenancy on the grounds of nondesirability and breach of New York City Housing Authority rules and regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard F. Braun, J.], entered July 6, 2010), dismissed, without costs.

The New York City Housing Authority's determination

terminating petitioner's tenancy is supported by substantial evidence. The New York City Police Department executed a search warrant of petitioner's apartment, based on the testimony of a confidential informant that he had purchased drugs there from Shawn Gatling, a friend of petitioner and her family. The police recovered drugs and drug paraphernalia, and arrested petitioner, her daughter, and Gatling, who were all present in the apartment at the time of the raid (CPLR 7803 [4]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Diaz v Hernandez*, 66 AD3d 525 [2009]). The hearing officer's rejection of petitioner's testimony that she was unaware of the presence of the drugs and paraphernalia in the apartment is entitled to deference (*Matter of Diaz*, 66 AD3d at 526). Furthermore, evidence of drug activity in the apartment that was not attributable to Gatling and Gatling's presence in the apartment is also substantial evidence of petitioner's violation of the terms of a stipulation of settlement. That stipulation resulted from administrative charges brought in 2004 in which she agreed that she and any guests in the apartment would not commit any act that would constitute grounds for termination of her tenancy and that she would not permit Gatling to reside in or visit her apartment and that his absence would continue beyond any probationary period.

Under the circumstances, the penalty imposed does not shock our sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 555 [2000]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.