Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered May 11, 2011, which, to the extent appealed from, denied the petition seeking to annul the determination of respondents, dated March 3, 2010, insofar as it terminates petitioner’s tenancy, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner does not challenge respondents’ determination that he violated its occupancy rules by refusing to transfer to an appropriately sized apartment, that he permitted his daughters to reside in the apartment without complying with its occupancy rules, and that he violated a stipulation that was part of the settlement of two prior charges against him. Rather, his sole contention is that the penalty imposed by respondents constitutes an abuse of discretion.
Judicial review of a penalty imposed by an administrative agency is limited to the question of whether the punishment constitutes an abuse of discretion. The sanction must be upheld unless it shocks the judicial conscience (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232-234 [1974]).
*431 The penalty imposed here does not shock the conscience because petitioner agreed to accept a smaller apartment to settle prior charges and then reneged on his promise. The stipulation also included terms of probation, which petitioner violated. Moreover, it was unreasonable for him to believe that he could retain a three-bedroom apartment and that his wife, from whom he is separated, could retain a four-bedroom apartment so that his daughters could reside in whichever apartment they chose, in light of respondents’ obligation to attempt to accommodate larger families (see Matter of March u Rhea, 82 AD3d 487, 488 [2011]; Matter of Kotoff v Franco, 223 AD2d 373 [1996]). Concur — Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.