In a proceeding pursuant to CPLR article 78 to review a de *742 termination of the New York City Housing Authority dated December 24, 2008, which, upon adopting the recommendation of a hearing officer dated December 9, 2008, made after a hearing, sustaining charges that the petitioner was a nondesirable tenant in a public housing facility, imposed a penalty of termination of the petitioner’s tenancy, the New York City Housing Authority appeals, by permission, from an order of the Supreme Court, Kings County (Lewis, J.), dated March 9, 2011, which granted the petition and remitted the matter to it for the imposition of a more appropriate penalty.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is denied, and the determination is confirmed.
In March 2001, the petitioner leased an apartment from the New York City Housing Authority (hereinafter the NYCHA) at the Breukelen Houses, a public housing facility located in Brooklyn. Pursuant to the lease, the petitioner was the only named tenant. In September 2005, the NYCHA charged the petitioner, among other things, with nondesirability based on her son’s possession of marijuana in the apartment. These charges were settled pursuant to a stipulation dated December 29, 2006 (hereinafter the Stipulation). Under the terms of the Stipulation, the petitioner’s tenancy was placed on probation for five years, until January 16, 2012, and the petitioner agreed to exclude her son from the apartment. In March 2007, six months after she was diagnosed with breast cancer, and three months after she signed the Stipulation, the petitioner asked her son to return to the apartment to help her while she was undergoing treatment. On March 30, 2007, the police executed a search warrant authorizing a search of the petitioner’s apartment, and the search revealed weapons, ammunition, drugs, and drug paraphernalia in the apartment. The petitioner and the petitioner’s son, who was in the apartment at the time of the search, were arrested. Upon learning of the search, the NYCHA notified the petitioner that it was considering terminating her tenancy. When the NYCHA thereafter interviewed the petitioner, the petitioner claimed that she was not aware of “what was going on” in her apartment and that she did not know how it was that weapons and drugs were present in the apartment. On October 26, 2007, the NYCHA informed the petitioner that she was being charged with “non-desirability,” in that, on March 30, 2007, she and her son, an unauthorized occupant, unlawfully possessed drugs and weapons in the apartment. Additionally, the petitioner was charged with violating the terms of the Stipulation requiring the exclusion of her son *743 from the apartment. On November 2, 2007, the police obtained and executed a second search warrant. Once again, the petitioner and her son were in the apartment at the time of the search, and drugs and ammunition were found in the apartment. Both the petitioner and her son were arrested. On January 30, 2008, the NYCHA filed amended charges so as to include charges relating to the search of November 2, 2007.
After conducting a hearing, a NYCHA hearing officer, in a determination dated December 9, 2008, sustained the charges against the petitioner. The hearing officer noted that the petitioner presented proof that she suffered from breast cancer and that she testified that she needed her son’s help. After further noting that the Stipulation required the petitioner to permanently exclude her son from the apartment, and that a probationary agreement such as the Stipulation provided a way of “preserving the tenancy while protecting the community from non-desirable individuals,” the hearing officer found that the petitioner violated the Stipulation when she invited her son into the apartment. The hearing officer also found that the petitioner’s son “repeatedly sold cocaine from the apartment, possessed three loaded firearms, a substantial quantity of illegal narcotics, and drug paraphernalia,” and that the petitioner’s testimony that she was not aware of these activities was “not credible.” The hearing officer concluded that it was “apparent that probation is not a sufficient deterrent for this tenancy.” The hearing officer also found that the petitioner’s claim that she needed her son’s assistance while undergoing cancer treatment “cannot mitigate the disposition in this matter in light of the highly non-desirable conduct taking place in the apartment and the [petitioner] ’s repeated violation” of the Stipulation.
On December 24, 2008, the NYCHA issued a determination adopting the hearing officer’s determination, and terminated the petitioner’s tenancy.
The petitioner thereafter commenced the instant CPLR article 78 proceeding, seeking only to annul the NYCHA’s imposition of the penalty of termination of the tenancy. Although the Supreme Court acknowledged that the NYCHA was entitled to terminate the tenancy for a violation of the terms of the Stipulation, and also for the petitioner’s nondesirability, based on the son’s engagement in drug-related activities while residing in the apartment, it nonetheless granted the petition, concluding that the penalty of termination was too severe and was shocking to one’s sense of fairness. Accordingly, the Supreme Court remitted the matter to the NYCHA for the imposition of a more appropriate penalty (see Ottley v New York City Hous. Auth., 31 Misc 3d 704 [2011]).
*744 Initially, there is no merit to the NYCHA’s contentions that the Supreme Court erred in addressing the issues raised in the petition, and that it should have instead transferred the matter to this Court. The subject petition “only sought review of the penalty imposed, and did not raise issues of substantial evidence” (Matter of Kerney v Hernandez, 60 AD3d 544, 544 [2009]; see Matter of Kurot v East Rockaway Fire Dept., 61 AD3d 760 [2009]). Hence, transfer to this Court was not warranted (see CPLR 7804 [g]).
The disposition of termination is well within the discretion of the NYCHA (see Matter of Feather stone v Franco, 95 NY2d 550 [2000]; Matter of Forman v New York City Hous. Auth., 66 NY2d 899 [1985]). “An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one’s sense of fairness, thus constituting an abuse of discretion as a matter of law” (Matter of Idahosa v Farmingdale State Coll., 97 AD3d 580, 581 [2012]; see CPLR 7803 [3]; Matter of Ellis v Mahon, 11 NY3d 754, 755 [2008]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). “[A] result is shocking to one’s sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 234).
We note that the petitioner was already seriously ill when she agreed to exclude her son from the apartment pursuant to the Stipulation. Nonetheless, relying on her illness, she knowingly violated the Stipulation by permitting her son to reside in the apartment. The petitioner’s refusal to commit herself to exclude her son, who was a potential danger to the safety and welfare of the other residents in the public housing facility, warranted punishment. Under the circumstances of this case, contrary to the Supreme Court’s determination, the sanction imposed was not so disproportionate to the offense as to shock our sense of fairness (see Matter of Featherstone v Franco, 95 NY2d 550 [2000]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 234; Matter of Idahosa v Farmingdale State Coll., 97 AD3d at 581; Matter of Bond v Howard Houses [NYCHA], 89 AD3d 730 [2011]; Matter of Bellamy v Hernandez, *745 72 AD3d 814 [2010]; Matter of Kurot v East Rockaway Fire Dept., 61 AD3d at 761).
Accordingly, the judgment annulling the NYCHA’s determination to impose the penalty of termination of the petitioner’s tenancy must be reversed, the petition denied, and the determination confirmed. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.