Determination of respondent Police Commissioner, dated May 17, 2011, terminating petitioner’s employment as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol R. Edmead, J.], entered January 30, 2012), dismissed, without costs.
The finding that petitioner, while off duty, discharged his firearm in the direction of his former girlfriend during an altercation in the apartment they shared is supported by substantial evidence (see 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]). There is no basis for disturbing the credibility determinations of the Assistant Deputy Commissioner of Trials (ADC) (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Based upon petitioner’s guilty plea, the ADC also found petitioner guilty of the charges that he was out of residence while on sick report and provided false information concerning his absence.
We reject petitioner’s claim that the ADC improperly placed the burden of proof on him. The record indicates that respondents bore the burden of proving that petitioner committed the acts charged; the ADC found that petitioner’s testimony did not rebut respondents’ evidence.
The penalty of termination does not shock our sense of fairness (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur — Sweeny, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.