■ In the Matter of GRIGORIY ZALTSMAN, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [973 NYS2d 608]—

Determination of respondent New York City Housing Authority (NYCHA), dated August 14, 2012, which, after a hearing, terminated petitioner's Section 8 rent subsidy on the ground of fraud, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered March 2, 2013), dismissed, without costs.

Substantial evidence supports NYCHA's determination that petitioner engaged in a scheme with his landlord to submit false information on his Section 8 application and subsequent renewal forms, so as to obtain housing subsidies to which they were never entitled, thus defrauding the agency of $23,990 over the 2½-year period of his participation in the program before the fraud was discovered (CPLR 7803 [4]; *Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]).

That federal criminal charges arising from the investigation were dismissed against petitioner, and were pursued only against the landlord, is of no moment, as NYCHA has the authority to determine that he committed such misconduct in its own forum under a lesser evidentiary standard and to terminate his subsidy upon such a finding, even absent a criminal conviction (24 CFR 982.553 [c]; *Matter of Maldonado v New York City Hous. Auth.*, 63 AD3d 568, 569 [1st Dept 2009]). Under the circumstances, the penalty of termination of

petitioner's subsidy does not shock the judicial conscience (*see Matter of Fazal v Wambua*, 105 AD3d 638 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, Feinman and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 32068(U).]**