■ In the Matter of DORON ZABARI, Petitioner, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. [977 NYS2d 11]—

Determination of respondent, dated December 30, 2010 and affirmed on administrative appeal by order dated July 21, 2011, which, after a hearing, sustained a notice of violation against petitioner and imposed a fine in the amount of $3,200 against him for violating Administrative Code of City of NY § 24-231 (a) (2) for excessive noise, unanimously confirmed, the petition

denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered Aug. 2, 2012), dismissed, without costs.

We find substantial evidence in the record to support respondent's determination that petitioner violated the New York City Noise Control Code (Administrative Code § 24-231 [a] [2]) by allowing music from his store to reach an audible level inside the upstairs apartment of 50-51 decibels (dB), exceeding the 45 dB permissible limit in a frequency of 100 hertz (Hz) (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). It is irrelevant that respondent's veteran inspector used the one-third octave noise meter for the first time at this inspection site; he testified he had previously received two days of training in its use and knew how it worked, and that it worked similarly to other noise meters. That the investigator was directed to contact his supervisor after taking the readings, rather than issue a violation immediately, does not, as petitioner suggests, render the measurements inherently suspect.

There is also no merit to petitioner's argument that the inspector deviated from standard procedure by testing the noise level at 100 Hz, a frequency not on the preprinted form; the form notably leaves room for an additional reading at another frequency. Petitioner's contention that the inspector should have taken lengthier readings of the ambient sound level when the music was off because the meter might have recorded a higher decibel level over time, was considered and appropriately rejected by the Administrative Law Judge. The inspector stated that a longer reading "could have" shown a higher level, but that his three readings taken within one minute were consistent at 43 dB. In any event, a reading of 43 dB is a full two decibels lower than the maximum ambient level allowed of 45 dB.

Because the whole record contains substantial evidence for the Administrative Law Judge's determination that petitioner violated the Noise Code, judicial review is at an end (*see Matter of Acosta v Wollett*, 55 NY2d 761, 762 [1981]; *see also Matter of Verdell v Lincoln Amsterdam House, Inc.*, 27 AD3d 388, 390 [1st Dept 2006]). Furthermore, the imposition of a $3,200 fine was well within the parameters of the range of fines mandated for an initial violation of Administrative Code § 24-231 (a) (*see* Administrative Code § 24-257), and does not shock the judicial conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.