■ In the Matter of JAMES MASCARELLA, Respondent, v ROBERT D. LIMANDRI, as Commissioner of the New York City Department of Buildings, Appellant. [981 NYS2d 523]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered August 21, 2012, which granted the petition to the extent of annulling respondent's determination dated January 5, 2011, to revoke petitioner's hoist machine operator license and remanding the proceeding for a new final determination by an impartial decision maker, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78, dismissed.

Petitioner presented no evidence that respondent commissioner had any personal involvement in the disciplinary process, other than the initiation of charges in his name, or that respondent made public statements regarding the charges against petitioner, and no specific bias against him by the commissioner was alleged. Signing charges, without more, does not mandate recusal by the public official (*see Matter of Kluglein v Shaw*, 149

AD2d 511 [2d Dept 1989], *lv denied* 74 NY2d 613 [1989]; *Matter of Agugliaro v Commissioner of Dept. of Transp. of State of N.Y.*, 135 AD2d 711 [2d Dept 1987], *lv denied* 72 NY2d 801 [1988]).

The penalty of revocation is not so disproportionate to the offense as to shock the conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). The record reflects that respondent considered the factors set forth in Correction Law § 753 in determining the appropriate penalty to impose on petitioner, who pleaded guilty to conspiracy to commit extortion, a felony, and admitted that he obtained jobs in the construction industry through preferential treatment. Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.