Matter of Jan Jan Realty Corp. v NYC Envtl. Control Bd. (2018 NY Slip Op 02305)





Matter of Jan Jan Realty Corp. v NYC Envtl. Control Bd.


2018 NY Slip Op 02305


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Sweeny, J.P., Gesmer, Kern, Singh, JJ.


6182 100050/15

[*1]In re Jan Jan Realty Corp., Petitioner-Respondent,
v
NYC Environmental Control Board, etc., et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for appellants.
Allen Schwartz, Brooklyn, for respondent.



Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered April 19, 2016, vacating the decision of respondent NYC Environmental Control Board, dated September 18, 2014, which upheld the fine against petitioner, unanimously reversed, on the law, the decision reinstated, and the proceeding brought pursuant to CPLR article 78, unanimously dismissed, without costs.
In 2013, respondent NYC Department of Buildings (DOB) issued a notice of violation (NOV) to petitioner, the owner of the property located at 209 Dyckman Street, for displaying on the building an outdoor advertising sign for "Kickstart" in a residential district in which such signs are prohibited under the New York City zoning resolutions (ZR). In a determination dated February 28, 2014, made after a hearing on the violation, an administrative law judge (ALJ) sustained the notice of violation and imposed a fine, rejecting petitioner's argument that the advertising sign was a legal nonconforming-use under the ZR because such a sign had been displayed there since before 1961, without any break exceeding two years.
On March 27, 2014, petitioner filed a Zoning Resolution Determination Form (ZRD1) with DOB's Manhattan Borough Commissioner seeking a determination as to the legality of the sign (see New York City Charter § 645[b]), and on May 27, 2014, the Commissioner denied the application on the ground that the evidence failed to establish that gaps in the use of the sign did not exceed two years.
Petitioner then sought administrative review of the ALJ's determination by respondent NYC Environmental Control Board (ECB). In its request, petitioner did not mention the Commissioner's decision on its ZRD1 application, and DOB did not file any response to the ECB appeal. While that appeal was pending, petitioner made a further submission to the Commissioner, who, on July 31, 2014, reversed his prior ruling and approved petitioner's request to accept the sign as a lawful non-conforming use.
In a decision dated September 18, 2014, ECB affirmed the ALJ's determination that the sign was illegal. Neither petitioner nor DOB had informed ECB of the decision on petitioner's ZRD1 application.
Petitioner then commenced this article 78 proceeding seeking to annul ECB's decision. Petitioner contends that ECB acted arbitrarily and capriciously in concluding that the evidence was insufficient to establish that the sign was a lawful pre-existing, non-conforming use, and argues that, despite the fact that it was outside the administrative record, the ZRD1 approval should be considered, given great weight, and applied retroactively to vacate the NOV.
Before it answered the petition, DOB revoked the ZRD1 approval, after questioning petitioner about the evidence of continuous use it had submitted; DOB determined that additional evidence was required to support a finding of a lawful nonconforming sign.
On May 8, 2015, respondents filed a verified answer, arguing that the ECB decision was rational, based on the evidence in the administrative record, that the ZRD1 proceedings should [*2]not be considered in this proceeding challenging the ECB ruling because they were not part of the record before ECB, and that the ZRD1 approval had in any event been revoked.
Upon petitioner's further evidentiary submissions, DOB issued a final ZRD1 determination finding the sign illegal.
The issue before the article 78 court was whether ECB's decision that petitioner had failed to establish its advertising sign as a lawful pre-existing, non-conforming use was arbitrary and capricious. However, the court did not confine its review of ECB's decision to the record adduced before ECB; citing "common sense" and the above-recited "factual background," it considered the ZRD1 proceedings. The court found that the ZRD1 approval in effect at the time ECB issued its determination effected an automatic vacatur of the NOV and the ECB decision, and concluded that DOB's subsequent determinations revoking the ZRD1 approval and finding the sign illegal were arbitrary and capricious.
The court found it troubling that DOB did not inform ECB of the ZRD1 approval in effect at the time the ECB decision was issued and that DOB took steps following the filing of the petition to have the ZRD1 approval revoked and the finding reversed. However, even assuming DOB should have advised ECB of the ZRD1 approval, the court erred in granting the petition. There is no basis for the conclusion that the ZRD1 determination had the legal effect of automatically vacating the NOV. Contrary to petitioner's contention, the ZRD1 approval was not a jurisdictional fact that allowed the court to review materials outside the administrative record. The court exceeded its jurisdiction by considering the ZRD1 determination (see Matter of Featherstone v Franco , 95 NY2d 550, 554 [2000]). Upon review of the record before ECB, we conclude that ECB's affirmance of the ALJ decision was not arbitrary and capricious.
Moreover, petitioner was required to exhaust its administrative remedies before ECB prior to seeking judicial review of ECB's decision (see Watergate II Apts. v Buffalo Sewer Auth. , 46 NY2d 52, 57 [1978]). In the event the administrative remedies did not avail it, petitioner could have brought an article 78 petition for the vacatur of the decision on the ground that respondents acted arbitrarily in failing to withdraw the NOV in light of the ZRD1 approval (assuming that the approval had not subsequently been revoked and reversed).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK