## Matter of P & I Prop., LLC v Commissioner, State of N.Y., Div. of Hous. & Community Renewal (DHCR)

2024 NY Slip Op 33255(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 158342/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY

_Justice_

PART     56M

-----------------------------------------------------------------------------X

In the Matter of

P & I PROPERTY, LLC, and PETER NG,

Petitioners,

- v -

COMMISSIONER, STATE OF NEW YORK, DIVISION OF
HOUSING & COMMUNITY RENEWAL (DHCR), and
CARLOS TSE,

Respondents.

-----------------------------------------------------------------------------X

INDEX NO.          158342/2023

MOTION DATE          07/12/2024

MOTION SEQ. NO.          001

**DECISION, ORDER, AND
JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

The petitioners own an apartment building located at 47 Catherine Street in Manhattan (the building). In this proceeding pursuant to CPLR article 78, they seek judicial review of so much of a June 26, 2023 New York State Division of Housing and Community Renewal (DHCR) determination as imposed an administrative penalty upon them in the total sum of $8,000.00. That determination was made after a hearing held before an administrative law judge (ALJ), and upon a finding that the petitioners violated a September 16, 2016 DHCR Rent Administrator's (RA's) order directing them to restore, to a good and acceptable condition, certain rooms and appurtenances in a rent-regulated apartment. The DHCR answers the petition, and submits the administrative record. The petition is denied, and the proceeding is dismissed.

In an administrative order dated September 16, 2016, issued under DHCR docket number EO-410189-S, the RA found that, based upon a DHCR inspection of a certain rent-regulated apartment in the building, certain services and conditions in that apartment were not maintained in a good, reasonable, and safe manner. These consisted of damage to the kitchen

**158342/2023   P & I PROPERTY LLC ET AL vs. COMMISSIONER, STATE OF NEW YORK,**
**DIVISION OF HOUSING & COMMUNITY RENEWAL (DHCR) ET AL**
**Motion No.  001**

Page 1 of 5

1 of 5

[* 1]

cabinetry, including a rusted surface, a banded surface, holes, and peeling paint. The RA additionally found that mold-like stains were present in the bathrooms, and that cracks, loose wallpaper, deteriorated grout, a cracked ceiling, peeling paint and plaster, water marks on the ceiling and walls, and an improperly installed light fixture with hazardous exposed wiring were present in one of the bathrooms. With respect to the living room, the RA found evidence of a cracked ceiling and walls with peeling paint and plaster, improper drywall installation, damaged and cracked floor tiles, severely damaged wooden window frames, broken window glazing, inoperable window sashes, and windows that were unable properly to be opened, closed, and locked. The RA further found that there was peeling paint and plaster in the hallway, along with cracks in the ceilings and walls thereof. The RA's order directed the petitioners to correct and remediate those conditions on or before October 16, 2016. The RA enumerated eight distinct violations arising from the presence of these improper conditions.

The petitioners neither administratively appealed the RA's order to the DHCR Commissioner (the Commissioner), nor sought judicial review thereof. A follow-up DHCR inspection conducted on May 31, 2017 revealed that, as of that date, the petitioners had not undertaken the required remediation and repairs. The respondent Carlos Tse---the tenant of the subject apartment---complained to the DHCR, after which the Commissioner's office issued a notice dated December 3, 2018, informing the petitioners that it would conduct a hearing to determine whether the petitioners had violated the RA's order. After a conducting a number of conferences and making a number of attempts to settle the dispute, a DHCR ALJ ultimately conducted a hearing on April 19, 2023. On May 19, 2023, the ALJ issued a hearing report, including findings and recommendations to the Commissioner.

On June 26, 2023, the Commissioner's representative issued an administrative order confirming the ALJ's report, and found that the conditions outlined in the RA's order remained unabated as of the May 31, 2017 inspection. As a consequence, the Commissioner's representative imposed a penalty in the sum of $8,000.00 upon the petitioners, constituting a

**158342/2023  P & I PROPERTY LLC ET AL vs. COMMISSIONER, STATE OF NEW YORK,  Page 2 of 5
DIVISION OF HOUSING & COMMUNITY RENEWAL (DHCR) ET AL
Motion No.  001**

penalty of $1,000.00 for each of the eight identified services and conditions that had not been remediated, restored, or repaired.

In this proceeding, the petitioners asserted that the penalty was excessive under the circumstances of the dispute. They thus sought mitigation of the penalty in light of their contention that Tse refused to cooperate with them in providing access to the subject apartment so that they could perform the required remediation, restoration, and repairs. The Commissioner's representative indeed found, as a matter of fact, that Tse refused to vacate the apartment or move all of his furniture outside into the hallway to accommodate repairs, as claimed by the petitioners, but concluded that, as a legal matter, such a refusal "was not improper" under the RSC. The petitioners did not challenge the decision maker's factual findings in this regard, but only his legal conclusion as to whether those facts should affect the amount of the penalties imposed, and they did not expressly challenge the ALJ's factfinding with respect to whether or not they had complied with or violated the RA's order in the first instance.

Rent Stabilization Code (RSC) § 2526.2(c)(1) (9 NYCRR 2526.2[c][1]) provides, in relevant part, that, "if the owner" of a dwelling containing rent-stabilized apartments "is found by the DHCR . . . to have violated an order of the DHCR, the DHCR may impose, by administrative order after holding a hearing, a civil penalty at minimum in the amount of one thousand but not to exceed $2,000 for the first such offense." The Commissioner's representative found that the petitioners were responsible for eight distinct violations of the RA's order and, hence, imposed the minimum penalty of $1,000.00 for each of the violations. The Commissioner's representative, however, declined to impose enhanced penalties for "knowing" violations of the RA's order, as authorized by RSC § 2526.2(b) (9 NYCRR 2526.2[b]).

Although the challenged determination here was made after a trial-type hearing directed by law, the petitioners have challenged only the propriety and amount of the penalty imposed upon them, and did not challenge the DHCR's underlying factfinding. Hence, they are not requesting a reviewing court to determine whether substantial evidence in the record supported

**158342/2023  P & I PROPERTY LLC ET AL vs. COMMISSIONER, STATE OF NEW YORK, DIVISION OF HOUSING & COMMUNITY RENEWAL (DHCR) ET AL Motion No.  001**

**Page 3 of 5**

3 of 5

any such factfinding, and, thus, there is no requirement that this matter be transferred to the Appellate Division pursuant to CPLR 7804(g) (*see Matter of Tomczak v Board of Educ., Eastchester Union Free Sch. Dist.,* 144 AD3d 1165, 1165-1166 [2d Dept 2016]).

A party upon whom an administrative penalty is imposed may only successfully challenge the severity thereof by establishing that the penalty was so disproportionate to the offenses committed as to be shocking to the court's sense of fairness (*see Matter of Lackow v Department of Educ. of City of N.Y.*, 51 AD3d 563, 569 [1st Dept 2008]; *see also Matter of Mapp v Burnham*, 8 NY3d 999, 1000 [2007]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 285 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]), thus "constituting an abuse of discretion as a matter of law" (*Matter of Perez v Rhea*, 20 NY3d 399, 402 [2013]; *Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Featherstone v Franco*, 95 NY2d at 554; CPLR 7803[3]).  This standard of review is a "rigorous" one, and it is well settled that the "court lacks any discretionary authority or interest of justice jurisdiction in reviewing the penalty" (*Matter of Featherstone v Franco*, 95 NY2d at 554; *see Matter of Ellis v Mahon*, 11 NY3d 754, 755 [2008]; *Matter of Torrance v Stout*, 9 NY3d 1022, 1023 [2008]; *Matter of Rutkunas v Stout*, 8 NY3d 897, 899 [2008]).  Thus, in reviewing a penalty, a court generally may not engage in a "balancing test" that weighs the "facts and their implications against" the petitioner's behavior (*Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]).

The court concludes that the $8,000.00 in penalties imposed upon the petitioners here was not so disproportionate to the offenses that they committed and, thus, were not so shocking to the court's sense of fairness as to constitute an abuse of discretion as a matter of law. Indeed, the penalties imposed by the DHCR were the minimum penalties that it was authorized and obligated to impose pursuant to regulation.  Hence, the petition must be denied.

In light of the foregoing, it is,

**158342/2023   P & I PROPERTY LLC ET AL vs. COMMISSIONER, STATE OF NEW YORK, DIVISION OF HOUSING & COMMUNITY RENEWAL (DHCR) ET AL Motion No.  001**

**Page 4 of 5**

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

| 9/17/2024 | |
|---|---|
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158342/2023   P & I PROPERTY LLC ET AL vs. COMMISSIONER, STATE OF NEW YORK, DIVISION OF HOUSING & COMMUNITY RENEWAL (DHCR) ET AL Motion No.  001**

[* 5]