Matter of Torres v Caban (2025 NY Slip Op 02430)

Matter of Torres v Caban

2025 NY Slip Op 02430

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 160195/23|Appeal No. 4172|Case No. 2024-02249|

[*1]In the Matter of Josue Torres, Petitioner,
v
Edward Caban et al., Respondents.

Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondents.

Determination of respondent Police Commissioner, dated June 29, 2023, which, after a hearing, terminated petitioner's employment with the New York City Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about February 23, 2024), unanimously dismissed, without costs.
Respondent's determination is supported by substantial evidence and is neither arbitrary and capricious nor unlawful (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]; Matter of Marks v City of New York, 234 AD3d 412, 413 [1st Dept 2025]). The credible evidence presented at the hearing showed that on two occasions, petitioner became physically violent toward his former girlfriend, who was the mother of his two children, assaulting her and destroying her property. The evidence also showed that on one of these occasions, their young child was present. The Hearing Officer reasonably found that the testimony of the former girlfriend was credible, as was the testimony of the police officer who responded to one of the incidents, and that petitioner's testimony was not credible (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
The evidence further showed that petitioner pleaded guilty to disorderly conduct in connection with one of the incidents involving the former girlfriend, and that as a result of that plea, orders of protection were issued against him. The Hearing Officer reasonably found that although one of the orders of protection allowed petitioner to communicate with his former girlfriend only about the health, welfare, or well-being of the children, petitioner violated the order by sending text messages that not only were unrelated to any of those topics, but were intended to insult and disparage the former girlfriend. Petitioner also admitted at the hearing that he failed to notify the Police Department of his change of address after he moved out of the former girlfriend's apartment.
Given the egregious nature of petitioner's conduct, the penalty of dismissal does not shock the conscience, is not disproportionate to the gravity of the offenses, and does not constitute an abuse of discretion (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; Matter of Hall v Shea, 200 AD3d 416, 417 [1st Dept 2021], lv denied 38 NY3d 906 [2022]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025