■ In the Matter of ANA JIMENEZ, Appellant, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Housing Authority, et al., Respondents.—Judgment and order (one paper) of the Supreme Court, New York County (William P. McCooe, J.), entered on or about November 9, 1990, unanimously vacated, on the law, without costs, the proceeding treated as one transferred to this court for determination and, upon such transfer and review, the determination of respon-

dent New York City Housing Authority terminating petitioner's public housing tenancy confirmed and the petition dismissed.

The IAS court improperly entertained the issues of substantial evidence involved in this proceeding, which should have been transferred to this court in the first instance pursuant to CPLR 7804 (g). However, this court is empowered to treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred *(Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840, *rearg denied* 69 NY2d 985).

In 1986, respondent New York City Housing Authority determined that petitioner would remain eligible for occupancy in a housing project it owns and operates on the condition that her son, who had been dealing drugs on project grounds, be permanently excluded from her household. The primary issue on this appeal is whether substantial evidence supports the finding that petitioner's son thereafter continued to reside with her in violation of the order of exclusion. At the hearing, the Housing Authority called four police officers who were involved in arrests of petitioner's son. The officers testified that, twice in 1987, in the course of separate arrests, he gave petitioner's address as his residence and showed the arresting officers some form of identification to that effect. When arrested on yet another occasion in 1987, he gave petitioner's address as his own and, when the arresting officer called the telephone number supplied, a person who identified herself as petitioner verified the address and confirmed that her son lived there. Respondent introduced, as a business record, petitioner's file which it maintains at the management office of the housing project. The file contains an entry indicating that petitioner had notified the office that her son moved back into the apartment after his release from prison in 1987 and another to the effect that petitioner could not control her son's activities or tell him what to do.

Under paragraph 6 of respondent's Termination of Tenancy Procedures, a copy of which was provided to petitioner, the burden rests upon respondent to prove that her son was residing with petitioner in violation of the order of exclusion. Having introduced evidence tending to demonstrate as much, the burden shifted to petitioner to come forward with evidence to the contrary. This petitioner failed to do. The only evidence she gave consisted of her testimony, which was equivocal at best.

Substantial evidence "means such relevant proof as a rea-

sonable mind may accept as adequate to support a conclusion or ultimate fact", but it need not rise to the level of a preponderance of the evidence *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). It is the function of the Hearing Officer to determine the credibility and weight to be accorded to the testimony given by a witness. We conclude that the Hearing Officer's determination that her son resided with petitioner in violation of the 1986 order is supported by substantial evidence.

We note that paragraph 6 of the Termination of Tenancy Procedures applies even in the context of a proceeding brought under the "Permanent Exclusion" provisions pursuant to paragraphs 22 and 23 of the Procedures. However, paragraph 14, regarding cure or absence of the offending member at the time of the hearing, does not apply in this context. *Matter of Hines v New York City Hous. Auth.* (67 AD2d 1000) does not involve the violation of an order of exclusion and is therefore distinguishable.

The issue of whether a proper notice was served is unpreserved for appellate review because of the failure to state an objection at the administrative level. When asked at the hearing whether a proper notice was received, petitioner's counsel answered in the affirmative, thus depriving respondent of the opportunity to cure any purported defect in the notice.

We have considered petitioner's various other procedural due process arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.