■ In the Matter of YEFIM VAYNSHELBAUM, Petitioner, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [654 NYS2d 749]—Determination of respondent dated April 25, 1994, which excluded petitioner from the Medicaid program for five years and directed him to pay restitution of $122,887, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Goodman, J.], entered on or about November 10, 1994), unanimously dismissed, without costs.

Petitioner conceded at the administrative hearing that respondent had properly disallowed certain claims on the basis of improper fee codes, and cannot contest that finding for the first time on appeal (*see, Matter of Jimenez v Popolizio*, 180 AD2d 590, 592). In any event, respondent did not act arbitrarily in disallowing the claims, since the Medicaid provider manual expressly states that the code for "Pregnancy Sonography, Complete" includes the elements of pregnancy diagnosis, fetal age determination and placental localization (*see*, 18 NYCRR 533.6 [f]), for which petitioner billed individually. Also waived for lack of an objection at the administrative hearing is petitioner's argument that he did not receive proper notice. In any event, the notice was reasonably specific in light of the fact that the regulations cited by respondent in the notice of proposed action (18 NYCRR 515.2) were substantially similar to the regulations as they existed at the time the audit of petitioner's records was conducted, the factual description in the letter made clear what practices were called into question, and petitioner did not establish any prejudice (*see, Matter of Mecca v Dowling*, 210 AD2d 821, 824, *lv denied* 85 NY2d 809).

Petitioner's remaining points are without merit. The failure to maintain the referring doctor's requisition, the radiologist's report and a hard copy of the sonogram constitutes the unacceptable practice of inadequate recordkeeping, and respondent's disallowances on that basis were therefore appropriate (*see, supra*, at 825). Respondent is authorized to base its audits upon statistical samples even if the provider has records permitting a complete audit (*see, Matter of Mercy Hosp. v New York State Dept. of Social Servs.*, 79 NY2d 197), and petitioner

did not offer any evidence to rebut respondent's showing that the sample was not statistically valid. Petitioner also failed to submit any evidence that respondent had extracted a double recovery by disallowing claims for which it had obtained restitution in a previous audit. Finally, in light of the fact that petitioner over-billed the Medicaid program in the amount of $122,887, had previously committed violations of the Social Services regulations by overbilling the Medicaid program in the amount of $104,358, and the absence of any mitigating circumstances, his exclusion from the program for five years, as well was his obligation to make restitution in the amount of $122,887, was not disproportionate (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.