■ In the Matter of ROBERT CESTARI, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [707 NYS2d 397] —Determination of respondent New York State Department of Health dated August 21, 1998, which excluded petitioner from participation in the Medicaid program for five years and directed him to make restitution in the amount of $184,168 for Medicaid overpayments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article

78 (transferred to this Court by order of the Supreme Court, New York County [Louis York, J.], entered March 26, 1999), dismissed, without costs.

Substantial evidence supports respondent's findings that petitioner failed to maintain records documenting, *inter alia*, that services billed were actually performed. Respondent satisfied its obligation under 18 NYCRR 519.17 (a) to produce a witness to present the audit file by calling the registered nurse who conducted the audit and who was qualified to testify as to the billing and record keeping requirements that petitioner was charged with violating. To the extent the medical necessity of post-operative sonograms was at issue, petitioner's own witnesses, and indeed his own practice when he himself was not billing for such sonograms, provided substantial evidence that such sonograms are not always necessary, and justification for requiring petitioner to have maintained patient records documenting the need for each such sonograms performed. In view of the pervasive improprieties, a five-year suspension does not shock our sense of fairness (*cf.*, *e.g.*, *Matter of Vaynshelbaum v Dowling*, 237 AD2d 132). Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.