(December 14, 2010)

■ A.F.C. ENTERPRISES, INC., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [913 NYS2d 75]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered August 7, 2009, vacating respondent's determination, dated August 31, 2007, which denied petitioner's application for additional payment under the parties' contract, and remanding the matter for further proceedings, unanimously affirmed, without costs.

The determination of respondent's chief engineer (CE) denying petitioner's claim for additional compensation for disposing of an amount of petroleum-contaminated soil in excess of the contract amount was made without sound basis in reason and in disregard of the facts (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Firstmark Dev. Co. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 274, 277 [2001]). In support of its claim, petitioner submitted detailed evidence that the vast majority of the material excavated from the transit yards was contaminated. In opposition, respondent submitted weigh receipts regarding uncontaminated waste from one of the

respondent's facilities, evidence that did not contradict petitioner's submissions. Nevertheless, and without setting forth all of the facts presented, the CE found that the waste "removed from the site" conformed to the parties contractual definition of uncontaminated solid waste. Accordingly, the absence of a full factual analysis by the CE precluded adequate review by the court in the subsequent CPLR article 78 proceeding. In vacating the CE's determination and remanding for further proceedings, the court did not substitute its judgment for that of the administrative finder of fact but, rather, addressed a failure to consider, or a misconstruction of, key evidence (*see Firstmark*, 283 AD2d at 277).

Finally, the court did not err in considering petitioner's proof of its disposal of petroleum-contaminated soil at recycling centers. Although petitioner offered this proof outside the contractual time frame for the submission of evidence, the parties' contract allowed the CE to expand the time for such submission, and the record on appeal indicates that the evidence was before the CE when she made her determination (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ. **[Prior Case History: 2009 NY Slip Op 31678(U).]**