■ In the Matter of GEORGINA DIAZ, Appellant, v RICARDO ELIAS MORALES, as Chairman of the New York City Housing Authority, Respondent. [916 NYS2d 583]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered February 2, 2010, which denied the petition seeking to annul the New York City Housing Authority's determination terminating petitioner's tenancy, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and upon such review, the challenged determination confirmed, the petition denied and the proceeding dismissed, without costs.

The subject petition raised an issue of substantial evidence and the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we will "treat the substantial evidence issue[ ] de novo and decide all issues as if the proceeding had been properly transferred" (*Matter of Jimenez v Popolizio*, 180 AD2d 590, 591 [1992]; *see Matter of Featherstone v Franco*, 269 AD2d 109, 110 [2000], *affd* 95 NY2d 550 [2000]).

The submission of an affidavit of service of the notice of review of the first hearing officer's decision was sufficient to establish service upon petitioner, without an evidentiary hearing, where petitioner offered only her own conclusory denial of receipt of the notice (*see American Sav. & Loan Assn. v Twin Eagles Bruce*, 208 AD2d 446, 447 [1994], *lv dismissed* 85 NY2d 1032 [1995]). Moreover, the second hearing did not violate petitioner's right to due process. Although the notice of charges stated that the conduct complained of had begun in "about 2007" and evidence was adduced relating to events that took place in late 2006, petitioner was clearly on notice of the alleged conduct (*see Mathews v Eldridge*, 424 US 319, 333 [1976]; *Matter of Walker v Franco*, 275 AD2d 627, 628 [2000], *affd* 96 NY2d 891 [2001]).

The determination that petitioner was unlawfully renting out rooms in her government-provided housing was supported by substantial evidence. The testimony of the building manager, as well as documentary evidence from a company that matches boarders and renters, established petitioner's unlawful arrangements. There exists no basis to disturb the credibility determinations of the hearing officer (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *Matter of Lohmann v Members of Bd. of N.Y. City Hous. Auth.*, 291 AD2d 288 [2002]).

The penalty imposed does not shock one's sense of fairness given the wanton nature of the conduct, the evidence that petitioner was engaged in substantial profiteering and the need to discourage such conduct (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 30229(U).]**