■ In the Matter of JAZMINE WEISMAN et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [937 NYS2d 189]—

There exists no basis to disturb the determination that petitioners did not sustain their burden of establishing entitlement to succession rights to the apartment held by petitioner Weisman's mother; petitioner De La Cruz was the tenant's common-law husband. The evidence demonstrates that petitioners' occupancy was not pursuant to respondent's written permission, and was not reflected in the affidavit of income submitted by Weisman's mother in the year before she died (*see Matter of Abreu v New York City Hous. Auth. E. Riv. Houses*, 52 AD3d 432 [2008]). Weisman has not established that respondent, by its conduct, consented to her tenancy and, even if she had, respondent's alleged approval of the tenancy occurred less than one-year before the death of Weisman's mother (*see e.g. Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 329-330 [2007]). Moreover, the payment of rent did not confer legitimacy on petitioners' occupation of the apartment (*see Matter of Barnhill v New York City Hous. Auth.*, 280 AD2d 339 [2001]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 30 Misc 3d 1231.]**