■ In the Matter of CARMEN PAGAN, Petitioner, v JOHN B. RHEA et al., Respondents. [938 NYS2d 82]—

In 2009, petitioner and her daughter received a child advantage housing subsidy through the Department of Homeless Services (DHS) and moved into an apartment. Petitioner then applied for Section 8 benefits for herself and her daughter, and was rejected on the ground that she was ineligible for benefits for six years following completion of her sentences for two drug-related felony convictions. Petitioner timely requested an informal hearing under the procedures established pursuant to *McNair v New York City Hous. Auth.* (613 F Supp 910 [SD NY 1985]).

At the hearing, petitioner presented documentary evidence demonstrating rehabilitation, of the type described in NYCHA guidelines applicable to such hearings. The evidence showed that in the years since she completed her sentence, she had participated in social work programs; volunteered in the community and sought job preparation programs; sought treatment for her long-term drug addiction; obtained mental health treatment and medication for her diagnosed schizophrenia; conducted herself as a "model tenant"; and been a good parent to her child. Social workers who had worked with petitioner and her daughter, including one employed by her landlord, opined that

petitioner had come a long way, sought to better herself, and had become a productive member of society. They also found that returning to a shelter would be harmful to her daughter, who also has mental health issues. Petitioner also submitted results of toxicology tests, and letters from two substance abuse counselors stating that she attends the program six days a week, was in full compliance with the program's rules and regulations, and has had consistently negative toxicology test results; the second letter explained that recent positive results for opiates were because she was taking pain medication, and reiterated that petitioner remained in full compliance.

Based on the foregoing, the hearing officer's conclusion that there was an unexplained discrepancy concerning petitioner's toxicology reports is not supported by substantial evidence, "adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]), but based on "speculative inferences unsupported by the record" (*Matter of Sled Hill Cafe v Hostetter*, 22 NY2d 607, 612 [1968]). Since there must be a rational basis for the agency's exercise of discretion (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]), we remand the matter for reconsideration of whether petitioner has submitted sufficient evidence to overcome the presumption of undesirability by presenting objective documentary evidence supporting the conclusion required by NYCHA's guidelines, i.e., that "there is a reasonable probability that [her] future conduct would not be likely to affect adversely" the safety or welfare of other tenants or of NYCHA's property or staff. Concur—Tom, J.P., Sweeny, Acosta and Renwick, JJ.