■ In the Matter of CARRIE MARTIN, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [941 NYS2d 105]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 13, 2010, which denied the petition seeking to annul respondent New York City Housing Authority's determination, dated January 13, 2010, denying petitioner's remaining family member (RFM) grievance, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, the judgment vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, respondent's determination confirmed, the petition denied, and the proceeding dismissed, without costs.

Rather than reach the issue of substantial evidence, Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g). However, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (*Matter of Filonuk v Rhea*, 84 AD3d 502, 502 [2011], quoting *Matter of Jimenez v Popolizio*, 180 AD2d 590, 591 [1992]).

Respondent's determination has a rational basis and is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Indeed, the record, including petitioner's testimony, shows that she moved into the subject apartment without the written permission of the housing manager or other authorization, and she thereafter occupied the apartment for less than one year before the tenant of record's death (*see Rosello v Rhea*, 89 AD3d 466, 466 [2011]). Under the circumstances, petitioner's timely payment of rent is irrelevant (*see Matter of Weisman v New York City Hous. Auth.*, 91 AD3d 543, 544 [2012]), and her arguments pertaining to her health and finances do not constitute a basis for annulling respondent's determination (*see Matter of Guzman v New York City Hous. Auth.*, 85 AD3d 514 [2011]; *Matter of Fermin v New York City Hous. Auth.*, 67 AD3d 433, 433 [2009]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.