■ In the Matter of Elaine Rivera, Respondent, v New York City Housing Authority, Appellant. [967 NYS2d 26]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 24, 2011, granting the petition to set aside respondent's determination, dated April 13, 2011, which terminated petitioner's public housing tenancy, to the extent of remanding the matter to respondent for further proceedings, unanimously vacated, on the law, without costs, the petition treated as one transferred to this Court for de novo review, and upon such review, the challenged determination confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.

The petition raised an issue of substantial evidence and thus, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (*Matter of Jimenez v Popolizio*, 180 AD2d 590, 591 [1st Dept 1992]).

Substantial evidence supports the determination that petitioner was chronically delinquent in the payment of her rent in violation of the terms of her probation (*see Matter of Devins v New York City Hous. Auth.*, 92 AD3d 581 [1st Dept 2012]). Although petitioner caught up with the payment of arrears in rent during the course of this proceeding, her delinquency provided grounds for the determination (*see Matter of Zimmerman v New York City Hous. Auth.*, 84 AD3d 526 [1st Dept 2011]).

Petitioner claims that she did not pay her rent in a timely fashion because respondent failed to make certain repairs to her apartment. Because petitioner never raised this argument at the administrative hearing, it is not properly before this Court (*see Matter of Brown v New York City Hous. Auth.*, 40 AD3d 511 [1st Dept 2007]; *see also Davis v Hernandez*, 13 AD3d 90 [1st Dept 2004]). Nor did the Hearing Officer have an obligation to develop the record on petitioner's behalf, even though she was pro se (*see Matter of Jackson v Hernandez*, 63 AD3d 64, 67-69 [1st Dept 2009]). In any event, petitioner did not establish that the conditions were so severe in her apartment that a rent abatement was warranted. Indeed, the 2010 stipulation from a related civil court action demonstrates that they were not so severe, as no abatement was granted. We have considered petitioner's remaining contentions and find them unavailing. Concur—Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.