■ In the Matter of ALI AMMAR, Respondent, v SHOLA OLATOYE, Appellant. [26 NYS3d 42]—

Order, Supreme Court, New York County (Andrea Masley, J.), entered February 13, 2015, which granted the petition to annul respondent's (New York City Housing Authority [NYCHA]) determination, dated February 11, 2014, denying petitioner's application for succession rights as a remaining family member to the tenancy of his late grandmother, to the extent of remanding the matter to NYCHA for a new hearing, unanimously reversed, on the law, the determination confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

Supreme Court erroneously determined that petitioner's due

process rights were violated and a new hearing should be held. Petitioner's contentions that he was denied due process and that NYCHA failed to accommodate his speech disability at the hearing are not preserved for review (*see Matter of Jenkins v New York City Hous. Auth., Amsterdam Houses*, 129 AD3d 432 [1st Dept 2015]). In any event, the record demonstrates that petitioner was provided with a hearing at which he was able to testify and to present evidence, which meets the requirements of due process and substantial fairness (*see generally Mathews v Eldridge*, 424 US 319, 333 [1976]). The other evidence that petitioner wishes to explore, if available, would largely be cumulative of evidence submitted at the hearing. Provisions of the CPLR concerning sanctions for spoliation of evidence are inapplicable to this administrative proceeding (*see Matter of Hicks v New York State Div. of Hous. & Community Renewal*, 75 AD3d 127, 133 [1st Dept 2010]).

Respondent's determination that petitioner did not qualify for remaining family member status is supported by substantial evidence (*see Matter of Mallay v New York City Hous. Auth.*, 117 AD3d 597 [1st Dept 2014]). The record shows that petitioner's grandmother, the tenant of record, never obtained respondent's written consent for petitioner's occupancy (*see Matter of Lieder v New York City Hous. Auth.*, 129 AD3d 644 [1st Dept 2015]). Even crediting petitioner's contention that in the summer of 2010 his grandmother requested permission for him to permanently reside with her (although respondent has no record of such request), petitioner's occupancy was not reflected in the affidavit of income filed by his grandmother in 2010, but was shown only on the affidavit she filed five months, i.e., less than one year, before her death in 2011 (*see Matter of Weisman v New York City Hous. Auth.*, 91 AD3d 543 [1st Dept 2012], *lv dismissed* 19 NY3d 921 [2012]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ. ■