Matter of Guzman v Bratton (2018 NY Slip Op 03648)





Matter of Guzman v Bratton


2018 NY Slip Op 03648


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6635 100032/14

[*1]In re Sabino Guzman, Petitioner-Appellant,
v
William Bratton, etc., et al., Respondents-Respondents.


The De Leon Firm, PLLC, New York (Edgar De Leon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered on or about August 15, 2014, insofar as it denied in part the petition seeking to annul respondents' determination, dated September 10, 2013, terminating petitioner's employment as a police officer, unanimously vacated, on the law, without costs, the petition treated as one transferred to this Court for de novo review, and upon such review, the challenged determination confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, same court and Justice, entered on or about August 15, 2014), dismissed.
The subject petition raised an issue of substantial evidence, and the entire proceeding should have been transferred to this Court pursuant to CPLR 7804(g). Accordingly, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (Matter of Cruz v New York City Hous. Auth., 106 AD3d 631, 631 [1st Dept 2013], quoting Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
Petitioner, a NYPD officer, challenges his termination after a disciplinary hearing. He and another officer, Carney, were tried in a hearing concerning the incident. Petitioner was charged with falsifying an accident report. The report alleged that a third officer was driving the car when the accident occurred; in fact the third officer had loaned his car to his girlfriend, who allegedly was driving while intoxicated. In addition, petitioner was charged with official misconduct in failing to arrest the actual driver of the vehicle who a fellow police officer believed was intoxicated.
The hearing officer applying the preponderance of the evidence standard, found petitioner was guilty of both specifications. He recommended that petitioner be dismissed from employment. The police commissioner approved the determination.
The preponderance of the evidence standard followed by the hearing officer is a higher standard than the substantial evidence standard petitioner asserts should have been employed. Thus, contrary to petitioner's claim, respondents were found to have satisfied a higher, rather than lower, standard of proof.
The hearing officer did not improvidently exercise his discretion in not severing petitioner's case from the case against Officer Carney, since petitioner never requested such relief; the evidence against each of them overlapped; and their defenses were not in conflict (see People v Mahboubian, 74 NY2d 174, 183 [1989]). Severance is required only where the "core" of each defense is in irreconcilable conflict with the other and there is a significant danger that the conflict alone would lead a jury to infer the guilt of one defendant. Where proof against both defendants is supplied by the same evidence, "only the most cogent reasons warrant a severance" (id. at 183-184)).
Here, there was no jury, and the core of each defense was not in conflict. Officer Carney's testimony that he never made any statements concerning the accident and never told petitioner not to arrest the driver benefitted petitioner, who was investigated because of [*2]statements made by Officer Carney that were repeated in a wiretapped phone conversation. Moreover, the evidence against them was overlapping (see id. at 183).
Substantial evidence, including the testimony of petitioner's partner, other police officers, and the conversations about the incident that were intercepted on a wiretap, supports respondents' determination (see 300 Gramatan Ave Assocs. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). With respect to calling the driver as a witness, respondents were not required to call witnesses petitioner deemed relevant. He was free to subpoena her if he chose. The credibility of the witnesses who testified against him is not reviewable by the court (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). The second specification provided petitioner with an adequate description of the charged misconduct, including the date.
A court reviewing administrative action must uphold the sanction imposed unless it is so disproportionate to the offense that it "shocks the judicial conscience and, therefore, constitutes an abuse of discretion as a matter of law" (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]). Here, the penalty of termination of employment is not disproportionate to the misconduct and does not shock the conscience. Petitioner was found guilty of two acts of serious misconduct, which adversely affected the integrity of the Police Department.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK