Matter of McCadney v Olatoye (2019 NY Slip Op 02428)





Matter of McCadney v Olatoye


2019 NY Slip Op 02428


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8830 452138/17

[*1]In re Morgan McCadney, Petitioner-Appellant,
v
Shola Olatoye, etc., Respondent-Respondent.


The Bronx Defenders, Bronx (Steven T. Hasty of counsel), for appellant.
Kelly D. MacNeal, New York (Melissa R. Renwick of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 24, 2018, denying the petition to annul respondent's determination, dated June 28, 2017, which terminated petitioner's Section 8 subsidy, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court pursuant to CPLR 7804(g) for de novo review, and, upon such review, the determination unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
Since the petition raised an issue of substantial evidence, the proceeding should have been transferred to this Court pursuant to CPLR 7804(g) (see Matter of Roberts v Rhea, 114 AD3d 504 [1st Dept 2014]). Accordingly, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
The challenged determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). The Hearing Officer's decision to terminate petitioner's Section 8 subsidy was based on his failure to occupy the subsidized residence as his primary residence during his incarceration for five years and the undisputed documents confirming his incarceration for a violent felony. Nor were petitioner's due process rights violated, as he was provided a hearing, was represented by counsel, submitted mitigating evidence, and testified on his own behalf. The Hearing Officer considered the mitigating evidence and found such evidence insufficient to lessen the five-year period after incarceration during which an applicant could be considered ineligible for Section 8 benefits. Although the mitigating evidence, comprised of petitioner's treatment providers, portrayed petitioner as a "role model" who took his recovery very seriously, the Hearing Officer's determination is nonetheless rational, based on the fact that petitioner had not begun his treatment until 2013, in addition to his criminal activity and absence from the subsidized residence.
Under the circumstances presented, the termination of petitioner's subsidy does not shock our sense of fairness (see generally Matter of Featherstone v Franco, 95 NY2d 550, 554-555 [2000]; see Pickering-George v Wambua, 117 AD3d 583 [1st Dept 2014], lv denied 25 NY3d [*2]963 [2015]; compare Matter of Pagan v Rhea, 92 AD3d 479, 479-480 [1st Dept 2012]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK