Matter of Washington v Olatoye (2019 NY Slip Op 04644)





Matter of Washington v Olatoye


2019 NY Slip Op 04644


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8697 101239/16

[*1]In re Lerone Washington, Petitioner-Appellant,
v
Shola Olatoye, etc., et al., Respondents-Respondents.


Jeanette Zelhof, Mobilization for Justice, Inc., New York (Elizabeth Filatova of counsel), for appellant.
Kelly D. MacNeal, New York (Nabiha Rahman of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 3, 2017, denying the petition to annul respondents' determination, dated April 1, 2016, which, after a hearing, placed petitioner tenant on probation for one year and required him to remove his dog from his apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, on the law, without costs, the proceeding treated as one transferred to this Court pursuant to CPLR 7804(g) for de novo review, and, upon such review, the matter held in abeyance and the proceeding remanded to respondent for further proceedings in accordance with this order.
Since the petition raised a substantial evidence issue and could not be disposed of by other objections, the court should have transferred it to this Court pursuant to CPLR 7804(g) (see Matter of Roberts v Rhea, 114 AD3d 504 [1st Dept 2014]). Accordingly, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
In determining that petitioner's English bulldog, Onyx, did not qualify as a "service pet" and ordering its removal, the hearing officer failed to consider petitioner's evidence in support of his reasonable accommodation request for a service pet. We accordingly hold this petition in abeyance and remand for a determination of petitioner's request for a reasonable accommodation that he be allowed to register Onyx as an emotional support animal.
In terms of its procedural background, this proceeding stems from a dog bite incident that occurred in April 2015 when a NYCHA employee, Brenda Williams, was delivering a hotplate to petitioner's apartment. After petitioner's girlfriend, Mabel Rodriguez, opened the door to sign the employee's book for the hotplate, Onyx "shot past" her into the hallway, jumped on the NYCHA employee, and allegedly bit her left arm. Petitioner was not in the apartment when the incident occurred.
By letter dated April 2, 2015, NYCHA informed petitioner that it was considering terminating his lease due to his having an unauthorized dog in the apartment, and offered him the opportunity to discuss the matter further. That same day, petitioner reported to the management office and was told to remove the dog, as it was unauthorized in violation of NYCHA's policy. Petitioner stated that he was disabled and needed the dog and refused to remove it.
On May 11, 2015, NYCHA notified petitioner that it would seek to terminate his tenancy for non-desirability and breach of its rules and regulations because: (1) petitioner possessed a "vicious" dog in the apartment, in violation of the lease and NYCHA's pet policy; (2) petitioner failed to register or maintain his dog, in violation of the lease and pet policy, and (3) petitioner failed to control his dog, which resulted in the dog roaming unleashed on NYCHA's premises and attacking another person.
On June 29, 2015, NYCHA referred petitioner to an outreach organization for a mental competence evaluation. The social worker who evaluated petitioner noted that he suffers from [*2]anxiety and depression and received services at Lighthouse Guild, where he had been diagnosed with schizophrenia. Petitioner told the evaluator that he had a history of hearing voices and that walking his dog helped provide him comfort; he noted that he was in the process of registering Onyx as a service dog. It was recommended that petitioner be appointed a guardian ad litem, "given his fragile psychological state and tendency to decompensate under pressure."
On December 24, 2015, prior to the hearing, petitioner submitted a request that he be permitted to register Onyx as his emotional support dog as a reasonable accommodation for his mental disability. His request was supported by a letter dated December 7, 2015, signed by a doctor and social worker at Lighthouse, stating that petitioner has been diagnosed with schizophrenia, cognitive disorder, and a traumatic brain injury, as well as severe depression and anxiety, and that his dog provides him with emotional support.
In January of 2016, petitioner appeared for a hearing before Hearing Officer Desiree Miller-Beauvil. Petitioner, Ms. Williams, Ms. Rodriguez, and Sean Washington, a housing assistant, testified at the hearing. Documents including the income affidavit, petitioner's reasonable accommodation request, veterinary records, and the Lighthouse Guild letter were received into evidence.
On March 8, 2016, the Hearing Officer sustained the charges against petitioner, required him to remove the dog from his apartment immediately and placed him on probation for one year, so that compliance could be monitored. The hearing officer found that petitioner's dog was "vicious" and a source of danger to NYCHA employees and residents. She noted that the dog would cause financial hardship for NYCHA if he injured other residents or employees. While recognizing petitioner's mental health issues, the decision failed to address petitioner's reasonable accommodation request that he be allowed to register Onyx pursuant to NYCHA policies even though the request and petitioner's mental health records were entered into evidence at the hearing. It addressed only the charges against petitioner contained in NYCHA's May 2015 notice. The hearing officer's decision was adopted by NYCHA's corporate secretary on April 1, 2016.
By letter dated April 4, 2016, NYCHA, responding to petitioner's reasonable accommodation request, notified petitioner that there was a determination that "the dog presents a risk to residents and employees and has to be removed from the apartment immediately." A NYCHA Housing Assistant explained that the reasonable accommodation request was denied because it was based on the same "operative facts" before the Hearing Officer, who had determined that the dog presents a risk to residents and employees and has to be removed.
Under the Fair Housing Amendments Act (FHAA), it is unlawful discrimination for a housing provider to "refus[e] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling" (42 USC § 3604[f][3][B]). Federal regulations exempt "animals that assist, support, or provide service to persons with disabilities" from public housing authority pet rules (24 CFR § 960.705[a]). Accordingly, respondent is obligated by both federal law and its own rules to accommodate petitioner's request to maintain his emotional support animal, Onyx, so long as petitioner meets his burden of showing that his dog assists him with aspects of his disability.
Courts employ a balancing test to determine whether an accommodation is reasonable. Under the test, an accommodation is reasonable if it "imposes no undue financial or administrative hardships" on the respondent "and when it does not undermine the basic purpose of the [challenged] requirement" (Hubbard v Samson Mgmt. Corp., 994 F Supp 187, 190 [SD NY 1998] [internal quotation marks and citations omitted]). The Hearing Officer conducted no such analysis. Instead, the Hearing Officer found that petitioner's dog had to be removed immediately because it was alleged to have bitten a NYCHA employee on one occasion. Although the Hearing Officer appeared to rely on the "direct threat" exemption to the FHAA, she failed to undertake the requisite factual and legal analysis.
Federal regulations provide that a housing provider can only invoke the direct threat exception after conducting an individualized and objective assessment of the relevant factors, including (1) the nature, duration, and severity of the risk; (2) the probability that the potential [*3]injury will actually occur; and (3) whether any reasonable accommodations will mitigate the risk (24 CFR § 9.131[c]). The "direct threat" analysis has been applied to cases in which a person with a disability is seeking to maintain an emotional support pet as a reasonable accommodation (see Warren v Delavista Towers Condominium Assn., Inc., 49 F Supp3d 1082, 1087-1088 [SD Fla 2014]; Chavez v Aber, 122 F Supp3d 581, 597-599 [WD Tex 2015]; see also Pet Ownership for the Elderly and Persons with Disabilities, Final Rule, 73 FR 63834-01, 63837 [2008] [a housing provider may exclude an assistance animal only when it "poses a direct threat and its owner takes no effective action to control the animal's behavior so that the threat is mitigated or eliminated"]).
Because the Hearing Officer failed to address petitioner's reasonable accommodation request, the present record precludes adequate review by this Court (see Matter of Porter v New York Hous. Auth., 169 AD3d 455, 463 [1st Dept 2019]; A.F.C. Enters., Inc. v New York City Tr. Auth., 79 AD3d 514 [1st Dept 2010]). As such, we hold the petition in abeyance and remand the proceeding to NYCHA for a determination, on the existing record, in accordance with this decision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK