Matter of Volpe v New York City Dept. of Bldgs. (2021 NY Slip Op 02887)





Matter of Volpe v New York City Dept. of Bldgs.


2021 NY Slip Op 02887


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 151276/19 Appeal No. 13775 Case No. 2020-03309 

[*1]In the Matter of Joseph Volpe, Petitioner-Appellant,
v
New York City Department of Buildings et al., Respondents-Respondents.


Klein Slowik PLLC, New York (Mikhail Y. Sheynker of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about January 9, 2020, denying the petition to annul a determination of the New York City Office of Administrative Trials and Hearings (OATH) Appeals Unit, dated September 27, 2018, which, following a hearing, sustained summonses against petitioner for violations of Administrative Code of City of NY §§ 28-3316.2, 3316.3, and 3316.3.1 and 1 RCNY 104-20[c] and 104-20[f], and imposed a total penalty of $57,000, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, on the law, the petition treated as though the matter had been transferred to this Court for de novo review pursuant to CPLR 7804(g), and, upon such review, the determination, unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
The petition raises an issue of substantial evidence and therefore should have been transferred to this Court pursuant to CPLR 7804(g) (see CPLR 7803[4]). We decide the issues raised as if the proceeding had been transferred (see Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
Substantial evidence supports OATH's determination sustaining all the subject summonses (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978] ["the reviewing court should review the whole record to determine whether there is a rational basis in it for the findings of fact supporting the agency's decision"] [internal quotation marks omitted]). Contrary to petitioner's contention, the proof presented at the hearing by respondent New York City Department of Buildings (DOB) was not based entirely on hearsay. In any event, hearsay is admissible in administrative proceedings (48 RCNY 6-12[c]; see People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]), and OATH rationally determined that there was no basis for disturbing the Hearing Officer's findings as to the reliability and credibility of such evidence.
OATH rationally determined that petitioner was not denied due process by the Hearing Officer's allowing a DOB witness to testify about certain video footage before the officer granted petitioner's motion to preclude documentary evidence. The Hearing Officer's determination was based on the evidence that she found admissible (see Matter of Michaelis v Graziano, 5 NY3d 317, 323 [2005]).
OATH rationally concluded that the prosecution of these summonses was not precluded by the doctrine of res judicata, since the prior license revocation proceeding involved a different authority and remedy than that involved in the summons proceeding, and DOB could not pursue both remedies in the same proceeding. Giving preclusive effect to the settlement in the licensing proceeding would be inconsistent with the nature of the particular administrative adjudication and with OATH's procedures (see generally Matter of Josey v Goord, 9 NY3d 386, 390 [2007]). OATH rationally concluded that the agreement reached [*2]by the parties settling the licensing proceeding did not indicate that it was intended to settle all claims relating to the incident in question (see Ember v Denizard, 160 AD3d 537, 538 [1st Dept 2018]). 
OATH rationally concluded that the summonses charging a violation of 1 RCNY 104-20[c] and Administrative Code § 28-3316.2 were not duplicative, since the charges required different proof.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021