Matter of Kuza v New York City Dept. of Fin. (2022 NY Slip Op 07297)

Matter of Kuza v New York City Dept. of Fin.

2022 NY Slip Op 07297

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 100785/21 Appeal No. 16956 Case No. 2022-02534 

[*1]In the Matter of Krzysztof Kuza, Petitioner,
v
New York City Department of Finance et al., Respondents.

Steven C. Kuza, Ridgewood, for petitioner.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Determination of respondent the New York City Department of Finance (DOF) Parking Violations Appeals Board, dated February 24, 2021, which found petitioner liable for a speeding violation, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.]), entered on or about December 16, 2021, dismissed, without costs.
The City's submission of its answer two days after the stipulated deadline does not require entry of default against it, as the City demonstrated its intent to oppose the petition on the merits by requesting petitioner's agreement to the extension and subsequently filing an answer (see Matter of Powers v de Groodt, 43 AD3d 509, 511-512 [3d Dept 2007]), and petitioner does not argue that the brief delay prejudiced him (see Matter of Brimberg v Commissioner of Fin. of City of N.Y., 45 AD3d 506, 507 [1st Dept 2007]).
DOF's decision is supported by substantial evidence (see CPLR 7803[4]). The notice of liability contained a sworn technician's certificate stating that petitioner's vehicle was traveling more than 10 miles per hour above the speed limit. By statute, this certificate "shall be prima facie evidence of the facts contained therein" (Vehicle and Traffic Law § 1180-b[d]). Because petitioner did not come forward with any evidence that he did not exceed the speed limit, he has "failed to overcome the City's prima facie establishment of liability" (Matter of Monroe St. v City of New York, 202 AD3d 542, 543 [1st Dept 2022]). Contrary to petitioner's arguments, the notice of liability that petitioner received contained all the information that is required by Vehicle and Traffic Law § 1180-b(g)(2)(3).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022