Matter of Serby v City of New York (2023 NY Slip Op 01856)

Matter of Serby v City of New York

2023 NY Slip Op 01856

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J, Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 152330/20 Appeal No. 17661 Case No. 2022-03971 

[*1]In the Matter of Victor Serby, Petitioner,
v
The City of New York et al., Respondents.

Victor M. Serby, petitioner pro se, Woodmere.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

Determination of respondent New York City Department of Finance Parking Violations Bureau (PVB), dated November 1, 2019, which found petitioner liable for speeding in a school speed zone, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Debra James, J.], entered April 7, 2022), dismissed, without costs.
PVB's determination that petitioner exceeded the posted maximum speed limit in a school speed zone, in violation of Vehicle and Traffic Law § 1180-b, was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The sworn certificate of the technician affirming that petitioner's vehicle was traveling at a speed of more than 10 miles per hour above the posted speed limit constituted "prima facie evidence" of the violation, and petitioner's denial that he was speeding, without more, was insufficient to overcome PVB's "prima facie establishment of liability" (Vehicle and Traffic Law § 1180-b[d]; Matter of Kuza v New York City Dept. of Fin., 211 AD3d 607, 607 [1st Dept 2022] [internal quotation marks omitted]).
Contrary to petitioner's contention, the technician's certificate and camera's daily set-up logs were valid and admissible without corroborating testimony from their signatories or expert analysis (Matter of Monroe St. v City of New York, 202 AD3d 542, 543 [1st Dept 2022]). Furthermore, the Administrative Law Judge (ALJ) was not bound by the rules of evidence (see Vehicle and Traffic Law § 240[2][c]; 19 RCNY 39-08[f][1]).
Because a speed camera violation results in a civil penalty and not a criminal conviction (see Vehicle and Traffic Law §§ 155 ["Any fine imposed by an administrative tribunal shall be a civil penalty"], 1180-b[f] ["imposition of liability . . . pursuant to this section shall not be deemed a conviction"]), petitioner was not entitled to the protections of the Criminal Procedure Law or Sixth Amendment right to confrontation under the Federal and State Constitutions (see US Const, 6th Amend; NY Const, art I, § 6; CPL 1.10). Nor was petitioner entitled to a jury trial under the Seventh Amendment, which is "not applicable to cases tried in state courts" (Marko v Korf, 166 AD3d 545, 546 [1st Dept 2018]; see US Const, 7th Amend).
Petitioner was not deprived of due process. "[P]rocedural due process in the context of an agency determination requires that the agency provide an opportunity to be heard in a meaningful manner at a meaningful time" (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010]). Petitioner was afforded notice of his violation and an opportunity to challenge the violation at a hearing, where he was permitted to testify, call witnesses, and present documentary evidence (see 19 RCNY 39-08[f][3]). These procedures were constitutionally sufficient (see Matter of Ammar v Olatoye, 136 AD3d 585, 586 [[*2]1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023