Matter of Retter v City of New York (2025 NY Slip Op 00492)

Matter of Retter v City of New York

2025 NY Slip Op 00492

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 156293/22 Appeal No. 3601 Case No. 2023-05332 

[*1]In the Matter of Daniel Retter, Petitioner-Appellant,
v
The City of New York, Defendant-Respondent.

Law Offices of Daniel Retter, New York (Daniel Retter of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lisa S. Headley, J.), entered on or about June 15, 2023, denying the petition to vacate guilty determinations by the New York City Department of Finance Parking Violations Bureau (PVB), which found petitioner liable for violations of Vehicle and Traffic Law §1180-b, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, on the law, the proceeding treated as one transferred to this Court pursuant to CPLR 7804(g) for de novo review, and, upon such review, the determinations unanimously confirmed, the petition denied and the proceeding dismissed, without costs.
The petition, having raised issues of substantial evidence, should have been transferred to this Court pursuant to CPLR 7804(g). Accordingly, this Court will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
PVB's determination that petitioner exceeded the posted maximum speed limit in a school speed zone on 11 separate occasions, in violation of Vehicle and Traffic Law § 1180-b, is supported by substantial evidence (see CPLR 7803[4]; Matter of Serby v City of New York, 215 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 907 [2023]). As required by Vehicle and Traffic Law § 1180-b(2), the Notices of Liability issued by the Department of Transportation (DOT) for each violation include photographs of petitioner's vehicle, along with his name, address, the date, time and location of each alleged violation. They also include a sworn certificate of the speed camera technician affirming that petitioner's vehicle was traveling at a speed of more than 10 miles per hour above the posted speed limit, which constituted prima facie evidence of the violation (Matter of Serby, 215 AD3d at 439).
Petitioner failed to rebut the DOT's prima facie showing by presenting any countervailing evidence (see Matter of Serby, 215 AD3d at 439; see also Matter of Monroe St. v City of N.Y., 202 AD3d 542, 543 [1st Dept 2022]). He does not deny that he was driving 10 miles per hour over the posted speed limit or that the locations identified were within a school zone (see Matter of Kuza v New York City Dept. of Fin., 211 AD3d 607, 607 [1st Dept 2022]). His other contentions are unavailing, as the Notices of Liability contain all the information required under Vehicle and Traffic Law § 1180-b and specify the location of the violations. The fact that he was found not guilty on a Notice of Liability issued in April 2022 has no bearing on the guilty determinations made with respect to the earlier Notices of Liability issued in January and February 2022 (cf. Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 518-520 [1985]).
Petitioner's constitutional challenges are unpreserved for review and, in any event are unavailing (see Matter of Serby, 215 AD3d at 439; see also Matter [*2]of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025