Matter of Josey v New York City Dept. of Fin. (2026 NY Slip Op 01404)

Matter of Josey v New York City Dept. of Fin.

2026 NY Slip Op 01404

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 820117/24|Appeal No. 6086|Case No. 2025-03504|

[*1]In the Matter of Eric Josey, Petitioner-Appellant,
vNew York City Department of Finance et al., Respondents-Respondents.

Eric Josey, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (CholÉ K. Moon of counsel), for respondents.

Judgment (denominated an order), Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered on or about May 14, 2025, denying the petition to annul a determination of the New York City Department of Finance Parking Violations Bureau (PVB), dated August 21, 2024, which affirmed a $50 penalty for a speed camera violation assessed to Hertz Vehicles LLC as owner of a vehicle operated by petitioner, and PVB's determination, dated December 23, 2024, which accepted a $50 payment from Hertz as an admission of liability for a second speed camera violation as owner of a vehicle operated by petitioner, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, on the law, the proceeding treated as one transferred to this Court pursuant to CPLR 7804(g) for de novo review, and, upon such review, the determinations unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
Because the petition raises an issue of substantial evidence, it should have been transferred to this Court pursuant to CPLR 7804(g) (see Matter of Cruz v New York City Hous. Auth., 106 AD3d 631, 631 [1st Dept 2013]). Accordingly, this Court "will treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (id. [internal quotation marks omitted]).
PVB's determination that petitioner, in May 2024, while operating a car owned by Hertz, exceeded the speed limit in a school zone by more than 10 miles per hour, in violation of Vehicle and Traffic Law § 1180-b, is supported by substantial evidence (see CPLR 7803[4]). The sworn certificate of the technician affirming the speed and location of the vehicle constituted prima facie evidence of the violation (see Matter of Serby v City of New York, 215 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 907 [2023]; Vehicle and Traffic Law § 1180-b[d]). We do not reach petitioner's unpreserved argument that the technician's certificate is inadmissible hearsay (see Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]).
Although Vehicle and Traffic Law § 1180-b(a)(2) requires the City to "install signs bearing the words 'photo enforced' below speed limit signs giving written notice to approaching motor vehicle operators that a photo speed violation monitoring system is in use," that provision does not require the City to introduce evidence of such signage to secure speed camera violations. On the contrary, the statute provides that a technician's certificate alone "shall be prima facie evidence" of the violation (Vehicle and Traffic Law § 1180-b[d]). Petitioner did not proffer any evidence that he did not exceed the speed limit. Therefore, he "failed to overcome the City's prima facie establishment of liability" (Matter of Kuza v New York City Dept. of Fin., 211 AD3d 607, 607 [1st Dept 2022] [internal quotation marks omitted]).
As to the December 2024 violation, the City sent a notice of liability to Hertz as the owner of the vehicle, consistent with the statutory scheme (see Vehicle and Traffic Law § 1180-b[g]). Hertz elected not to transfer liability to petitioner, as is permissible under the statute (see id. § 1180-b[k]), and instead paid the fine and billed petitioner additional fees. Petitioner learned of the violation only when he received his bill after the 30-day window for vehicle owners to request hearings before PVB.
The petition challenging the December violation as violating petitioner's right to due process should not be denied for failure to exhaust administrative remedies because it is not clear that petitioner—effectively a third party to Hertz's violation—was entitled to any administrative process at all. It was Hertz that had a right to request a hearing, not petitioner (see 19 RCNY 39-04[d]; Vehicle and Traffic Law § 240[1]).
Contrary to petitioner's contention, however, the statutory scheme requiring notification to Hertz did not violate petitioner's right to due process for the very reason that it was Hertz, not petitioner, that was held liable as "owner" of the vehicle (Vehicle and Traffic Law § 1180-b[b]). "Procedural due process safeguards apply only where the aggrieved party can show deprivation of a protected right as a result of 'State action'" (Montalvo v Consolidated Edison Co. of N.Y., 92 AD2d 389, 393 [1st Dept 1983], affd 61 NY2d 810 [1984]). The City did not deprive petitioner of any property or liberty. Hertz may have billed petitioner for additional fees under the terms of their contract, but "[p]urely private conduct is not subject to the requirements of due process" (id.).
Finally, petitioner's briefs on appeal cite nonexistent cases and attribute nonexistent quotes to real cases. "We caution [petitioner] that his pro se status does not excuse his failure to check the legal citations that he offers to a court" (Dowlah v Professional Staff Congress [PSC-CUNY], 227 AD3d 609, 610 [1st Dept 2024], lv denied 42 NY3d 911 [2025]).
We have considered petitioner's additional arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026